IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| MACKEL DEMETRIS JONES, #87607 | * | |
| Plaintiff, | * | |
| v. | * | 2:06-CV-826-MHT (WO) |
| CITY OF MONTGOMERY, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Plaintiff, a pre-trial detainee, complains that his Fourth Amendment rights were violated following his arrest and incarceration on a drug related charges. Plaintiff seeks dismissal of the pending criminal charges and his immediate release from confinement. Named as defendants are the City of Montgomery and Detective Castleberry of the Montgomery City Police Department.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**I. DISCUSSION**

*A. The Pending Charges*

Plaintiff complains that the criminal charges pending against him for a drug-related offense and his present incarceration arising from these charges are unconstitutional. In support of his claim, Plaintiff contends that Defendant Castleberry had no probable cause to arrest him on May 24, 2006 at a residence on Chappel Street because no drugs were found on him, because he neither knew that drugs were at the residence nor sold at the residence, and because the Detective failed to uncover anything which linked Plaintiff to the Chappel Street residence.

The Plaintiff's claims concern criminal charges which are currently pending before the state courts. They are, therefore, not currently appropriate for consideration by this court. In *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the Supreme Court held that a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Plaintiff can present the factual and legal bases for the alleged constitutional violations in the on-going state court criminal proceedings. Moreover, Plaintiff has not

alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that Plaintiff must endure criminal prosecution in state court fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must, therefore, abstain from considering the merits of Plaintiff's challenge to his confinement.

*B. The Equal Protection Claim*

Plaintiff complains that Defendant Castleberry violated his Fourteenth Amendment right to equal protection when he arrested him on May 24, 2006. To establish a claim cognizable under the Equal Protection Clause, a plaintiff must, at the very least, allege that he is similarly situated with other persons who were treated differently and that the reason for the differential treatment was based on a constitutionally protected interest. *Jones v. Ray*, 279 F.3d 944, 947 (11th Cir. 2001); *Damiano v. Florida Parole and Probation Commission*, 785 F.2d 929, 932-33 (11th Cir. 1986). Additionally, to succeed on an equal protection challenge, a plaintiff must prove the existence of discriminatory intent; arbitrary action without discriminatory intent is insufficient to demonstrate a violation of the Equal Protection Clause. *E & T Realty Company v. Strickland*, 830 F.2d 1107, 1112-14 (11th Cir. 1987).

> [O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact.... Proof of ... discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose ... implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely

> 'in spite of,' its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). Evidence which merely indicates disparity of treatment or erroneous or even arbitrary administration of state powers, rather than instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent. *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987).

Here, Plaintiff does not allege that he has been subjected to any tangible unequal treatment by Defendant Castlberry's conduct such as his decision to arrest Plaintiff being based upon a constitutionally protected interest. As a matter of law, therefore, the allegations supporting this claim, without more, do not rise to the level of a constitutional violation.

C. *The City of Montgomery*

Although the Supreme Court has held that counties (and other local government entities) are "persons" within the scope of § 1983, and subject to liability, Plaintiff cannot rely upon the theory of *respondeat superior* to hold the City of Montgomery liable. *See Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 692 (1978) (finding that § 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor"); *Pembaur v. Cincinatti,* 475 U.S. 469, 479 (1986). "It is only when the 'execution of the government'' policy or custom ... inflicts the injury' that the municipality may be held liable." *City of Canton v. Harris,* 489 U.S. 378, 385 (1989). A city does not incur § 1983 liability for injuries caused

solely by its employees. *Monell,* 436 U.S. at 694. Nor does the fact that a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee infer municipal culpability and causation. *Bd. of County Com'rs v. Brown,* 520 U.S. 397, 403 (1997).

Here, Plaintiff's complaint fails to articulate a theory under *Monell* under which the City of Montgomery may be held liable. Consequently, there is no legal basis on which Plaintiff's claims against this Defendant may proceed and it is, therefore due to be dismissed. *See Neitzke v. Williams*, 490 U.S. 319 (1989).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED without prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before October 10, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the parties are objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 27th day of September, 2006.

                                        /s/Charles S. Coody
                                        CHARLES S. COODY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE